IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CHARLES MATTHEWS, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| Drug Enforcement Administration Agents LEE LUCAS, ROBERT CROSS, and UNKNOWN DEA AGENTS; RICHLAND COUNTY; Richland County Sheriff's Officers CHUCK METCALF, MATT MAYER, LARRY FAITH, and UNKNOWN RICHLAND COUNTY SHERIFF'S OFFICERS; THOMAS VERHILEY; CITY OF CLEVELAND, and City of Cleveland Police Officer JAMAL ANSARI, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) JURY TRIAL DEMANDED |

1:09CV1133
JUDGE O'MALLEY
MAG. JUDGE McHARGH

## COMPLAINT

Plaintiff, CHARLES MATTHEWS, by his attorneys, LOEVY & LOEVY complains of Defendants, Drug Enforcement Administration Agents LEE LUCAS, ROBERT CROSS, and UNKNOWN DEA AGENTS; RICHLAND COUNTY; Richland County Sheriff's Officers CHUCK METCALF, MATT MAYER, LARRY FAITH, and UNKNOWN RICHLAND COUNTY SHERIFF'S OFFICERS; THOMAS VERHILEY; CITY OF CLEVELAND, and City of Cleveland Police Officer JAMAL ANSARI, as follows:

### Introduction

1. In 2005, Charles Matthews was charged, prosecuted, and incarcerated for over two years for crimes he did not commit.

2. On or about January 25, 2008, United States District Judge John R. Adams dismissed all the charges against Plaintiff and released him from federal prison.

3. Plaintiff's arrest, prosecution, and wrongful incarceration were the direct result of misconduct by each of the Defendants in this action. This lawsuit seeks redress for that misconduct.

## Jurisdiction and Venue

4. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

5. This Court has jurisdiction of the action under 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

## The Parties

7. Charles Matthews is twenty-four years old and lives in Mansfield, Ohio.

8. Lee Lucas, Robert Cross, and as-yet unidentified Drug Enforcement Administration ("DEA") agents, are or were agents employed by the DEA of the United State of America. All are sued in both their individual and official capacities.

9. Chuck Metcalf, Matt Mayer, Larry Faith and as-yet unidentified

Richland County Sheriff's officers, are or were officers employed by the Sheriff's Office of Richland County. All are sued in both their individual and official capacities.

10. Thomas Verhiley is or was employed by the Ohio Bureau of Criminal Identification and Investigation. He is sued in both his individual and official capacities.

11. Jamal Ansari is or was a police officer employed by the City of Cleveland, Ohio and/or part of a DEA task force. He is sued in both his individual and official capacities.

### Factual Allegations

12. In 2004, the Richland County Sheriff's Office began an investigation into alleged drug trafficking in Mansfield, Ohio.

13. Sometime after the investigation began, the United States Drug Enforcement Administration ("DEA") joined in the investigation. Soon thereafter, officers from the Cleveland Police Department and the State of Ohio Bureau of Criminal Identification and Investigation joined Richland County and the DEA in the investigation.

14. Sometime in late 2004 or early 2005, the investigators, led by Richland County and the DEA, began using an undercover informant named Jerrell Bray to assist in the investigation.

15. Acting under the direction of the Defendants in this case, Mr. Bray began fabricating evidence of alleged drug buys involving Plaintiff in an effort to

implicate him in an alleged drug conspiracy.

16. In or about May 2007, Mr. Bray admitted that he, in concert with and at the direction of Defendants, used third-party stand-ins to stage drug buys, helped manipulate recordings, and otherwise fabricated evidence in an effort to arrest and prosecute innocent persons.

17. In order to build a false case against Plaintiff, Defendants knowingly used fabricated evidence developed by Mr. Bray, otherwise fabricated evidence which falsely implicated Plaintiff, and destroyed and/or otherwise withheld from prosecutors and from Plaintiff exculpatory evidence that would have helped exonerate him.

18. In an effort to indict and imprison Plaintiff for crimes he did not commit, Defendants, acting personally, as well as by and through conspiracy with others, manipulated and coached witnesses, including Mr. Bray, and then withheld from the prosecutors and Plaintiff how they had done so.

19. As described more fully above, Defendants manipulated, fabricated, and withheld evidence from Plaintiff and the prosecutors in an effort to falsely implicate and convict Plaintiff.

20. The totality of the Defendants' misconduct during the investigation, arrests, prosecution, and subsequent wrongful imprisonment of Plaintiff was so egregiously abusive that it shocks the conscience.

21. As a result of the aforementioned wrongful conduct, Plaintiff was wrongfully arrested, indicted, and incarcerated for over two years.

22. Also as a result of the above described wrongful conduct, Plaintiff was further subjected to unlawful searches and seizures.

23. Plaintiffs suffered substantial damages as a result of wrongful arrest and imprisonment. These damages include both emotional and economic injuries.

### Legal Claims

24. In the manner described more fully above, Defendants violated Plaintiff's constitutional rights, causing them damage. Among others, Defendants violated Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

25. Defendants' conduct also constitutes state law malicious prosecution and intentional infliction of emotional distress in that they caused Plaintiff to be prosecuted for crimes he did not commit, without probable cause.

26. Defendants acting individually and in concert, improperly subjected Plaintiff to judicial proceedings for which there was no probable cause and under circumstances where Richland County and the City of Cleveland, if private persons, would be liable to the claimant in accordance with the law of Ohio. These actions were undertaken maliciously, resulting in injury. All proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

27. As a direct and proximate result of the above-described conduct, Plaintiff has suffered actual and special damages including, *inter alia*, extreme emotional distress.

28. Defendants also reached an agreement to deprive Plaintiff of his

5

constitutional rights via illicit means, and one or more of them took actions in furtherance of this conspiracy, all in violation of both state and federal law.

29. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others such that the Defendants' actions shock the conscience.

30. Plaintiff's injuries were proximately caused by policies and practices on the part of Defendants Richland County and the City of Cleveland to pursue wrongful convictions through profoundly flawed investigations and unlawful searches and seizures. In this way, these Defendants violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

31. The above-described widespread practices, so well-settled as to constitute *de facto* policy in the Richland County Sheriff's Office and the Cleveland Police Department were able to exist and thrive because governmental policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

32. The widespread practices described in the preceding paragraphs were allowed to flourish because Richland County and the City of Cleveland declined to implement sufficient training and/or any legitimate mechanisms for oversight or punishment.

33. All of Defendants' interactions with Plaintiff and the criminal case instituted against him were undertaken under color of law, and within the scope of

Defendants' employment.

34. Because Defendants Chuck Metcalf, Matt Mayer, and Larry Faith as-yet unidentified Richland County Sheriff's officers, and Jamal Ansari acted within the scope of their employment, Richland County and the City of Cleveland are therefore liable as their employers for any resulting damages and any award of attorneys' fees.

WHEREFORE, Plaintiff, CHARLES MATTHEWS respectfully requests that the Court enter judgment in his favor and against Defendants, Drug Enforcement Administration Agents LEE LUCAS, ROBERT CROSS and UNKNOWN DEA AGENTS; RICHLAND COUNTY; Richland County Sheriff's Officers CHUCK METCALF, MATT MAYER, LARRY FAITH, and UNKNOWN RICHLAND COUNTY SHERIFF'S OFFICERS; THOMAS VERHILEY; CITY OF CLEVELAND, and City of Cleveland Police Officer JAMAL ANSARI, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual Defendants in their individual capacities, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

```
```

RESPECTFULLY SUBMITTED:

/s/ Jon Loevy
Attorneys for Plaintiff

Michele L. Berry
3834 Hyde Park Ave., Suite 1
Cincinnati, OH 45209
513-919-5315

Arthur Loevy
Jon Loevy
Mike Kanovitz
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900